IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:07-CV-00110

| | |
|---|---|
| DEL CAMPO FRESH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **STIPULATION AND ORDER** |
| ) | |
| KELVIN L. HUBBARD, individually and d/b/a ) | |
| GRAPEVINE PRODUCE, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Del Campo Fresh, Inc. ("Del Campo"), by and through its undersigned attorneys, and Defendant, Kelvin L. Hubbard individually and d/b/a Grapevine Produce ("Grapevine"), *pro se*, hereby stipulate and agree to settle this matter on the terms set forth below, and the Court hereby approves this Stipulation and enters the Order submitted herewith.

1. Defendant, Grapevine, acknowledges it owes a debt to Del Campo in the amount of $226,739.82, plus attorneys' fees of $7,900.00 and interest at the rate of 1.5% per month from the date of this Stipulation, and Order (the "Debt").

2. Defendant, Grapevine, acknowledges that the debt described in paragraph 1 above resulted from Del Campo's sale to Defendant of "produce" as defined in the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499(e)(c), and the Regulations promulgated thereunder. As such, the debt is a PACA Trust Debt.

3. Defendant, Grapevine, shall pay to plaintiff Del Campo the sum of One Hundred Thousand Dollars and No/100 ($100,000.00) plus $7,900.00 for attorneys' fees and costs for a total of $107,900 (the "Settlement Amount"). The Settlement Amount shall be paid with a single

payment of Seventy-Five Thousand Dollars and No/100 ($75,000.00), to be followed with periodic payments equaling no less than One Thousand and No/100 Dollars ($1,000.00) per month, beginning June 1, 2008 and continuing each month thereafter until the full Settlement Amount has been paid. All payments shall be delivered to Del Campo by tendering payment directly to Del Campo's representative. Only payments for which Grapevine has a cancelled check or is issued a receipt will be credited against the Settlement Amount.

4.  The Settlement Amount shall be accepted by Plaintiff in full satisfaction of the Debt, provided the Defendant complies timely and in full with the terms of this Stipulation.

5.  Del Campo acknowledges that it has received the Seventy-Five Thousand and No/100 ($75,000.00) payment against the Settlement Amount.

6.  If there is a default in the timely payment of any of the payments of the Settlement Amount referenced in Paragraph 3, and that default is not cured within 10 days of faxed notice to Defendant, the aforesaid principal Debt, above-referenced in Paragraph 1, together with all costs and reasonable attorneys' fees to collect the sum due (including those incurred in any proceedings to determine additional costs and fees)(hereafter "the Debt"), shall, at the option of the Plaintiff, thereupon become immediately due and payable, and Plaintiff, upon the filing of an affidavit as to such default by Plaintiffs attorney with the Court with a copy thereof to Defendant, shall be entitled to the entry of a Judgment against Defendant, Kelvin L. Hubbard individually and d/b/a Grapevine Produce, for the full amount of the Debt, less any sums paid pursuant to this Stipulation. Notwithstanding the foregoing, in the event of and upon a third event of default, Defendant shall not be entitled to cure such default and Plaintiff shall be entitled to enter judgment as set forth herein.

7. Nothing herein, including the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as a extension of credit from Plaintiff to Defendant, or as a waiver of Plaintiff s rights under the statutory trust provision of PACA. Plaintiff's rights under this Stipulation and Order are in addition to its rights under said trust provision. In the event of an uncured default in the payments set forth above, Plaintiff shall be entitled to collect the Debt evidenced hereby as a PACA Trust Debt.

8. Notwithstanding any other provision of this Stipulation, if Defendant becomes the subject of a bankruptcy proceeding, he will join in any application Plaintiff may make to the bankruptcy court seeking an order deeming the Debt set forth herein to be a PACA debt subject to the statutory trust provisions therein and non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4).

9. Upon receipt of payment in full accordance with the terms set forth herein, Plaintiff shall prepare and file a Stipulation to Dismiss with Prejudice with this Court, and issue a General Release in favor of Defendant.

10. The Court shall retain jurisdiction over the parties and this matter until payment in full of the Settlement Amount, or if applicable, the Debt.

11. This case shall be administratively closed, with the Court retaining complete jurisdiction to reopen this case and enforce the terms of this Order upon motion of any of the parties hereto.

12. Faxed signatures shall be deemed originals for all purposes in connection with this Stipulation.

13. This Stipulation may not be changed except in writing signed by counsel to all parties.

Dated this 28th day of May, 2008.

    IT IS SO STIPULATED.

| DEL CAMPO FRESH, INC. | KELVIN L. HUBBARD, individually and d/b/a GRAPEVINE PRODUCE |
|---|---|
| By:/s/ Daniel R. Hansen<br>    Attorneys for Plaintiff | By:/s/ Kelvin L. Hubbard<br>    Kelvin L. Hubbard |

Mary E. Gardner, P.C.
PO Box 330
West Dundee, Illinois 60118
Tel: 847-804-7222
Fax: 847-428-7561

and

Daniel R. Hansen, Esq.
Shumaker, Loop & Kendrick, LLP
128 S. Tryon St., Suite 1800
Charlotte, NC 28202
Tel: 704-375-0057


**SO ORDERED** this 23rd day of July, 2008.

_____
United States District Court Judge